# IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TEXAS
## LUFKIN DIVISION

| | | |
|---|---|---|
| CANDACE DAWN MOORE, | § | |
|     Plaintiff | § | |
| | § | No. 9:15-CV-00099-RC-KFG |
| v. | § | |
| | § | |
| CAROLYN W. COLVIN, | § | |
| COMMISSIONER OF THE SOCIAL | § | |
| SECURITY ADMINISTRATION, | § | |
|     Defendant | § | |

## ORDER OVERRULING OBJECTIONS AND ADOPTING REPORT AND RECOMMENDATION

The Plaintiff requests judicial review of a final decision of the Commissioner of Social Security Administration with respect to her application for disability-based benefits. This matter has been referred to the Honorable Keith Giblin, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The magistrate judge submitted a report recommending that the decision of the Commissioner be affirmed. The court has considered the report and recommendation filed on July 26, 2016 (Doc. No. 14) and the Plaintiff's objections (Doc. No. 15). The court has conducted a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* Fed. R. Civ. P. 72(b). After careful consideration, the court concludes that the Plaintiff's objections are without merit.

Plaintiff complains that the magistrate judge referred to the incorrect standard in evaluating severe impairments. However, in the report and recommendation, the magistrate judge correctly sets out the standard that "an impairment is not severe 'only if it is a slight abnormality having such minimal effect on the individual that it would not be expected to interfere with the individual's work, irrespective of age, education or work experience' " as enunciated by the Fifth Circuit. *Stone v. Heckler*, 752 F.2d 1099, 1105 (5th Cir. 1985). The

magistrate judge thereafter makes specific references to the different severity standard the ALJ cited to in his decision when the ALJ is quoting *Stone*. The magistrate judge does not misquote or improperly characterize the standard, rather he simply references the different standard quoted by the ALJ. While the standard is not the exact wording as that in Stone, the magistrate judge found that it was a harmless error that did not warrant reversal or remand.

Plaintiff's second complaint is that the magistrate judge committed error when finding that the ALJ included the functional effects of fibromyalgia symptoms into the RFC assessment and considered Moore's limitations. The magistrate judge found that the ALJ considered all the evidence, and explicitly states the evidence considered, which included more than just medical evidence, in making the determination that Moore could perform some work despite the fibromyalgia.

Plaintiff's third complaint is that the magistrate judge found that Dr. Lugo's findings are contradicted by the findings of Dr. Tomsic. The magistrate judge details the findings of Dr. Tomsic in his report and recommendation showing that the physical examination revealed Moore had a normal range of motions for all major extremities, normal spinal motion and overall strong muscle strength despite a finding of fibromyalgia.

Plaintiff also complains that the magistrate judge appears to have improperly filled in the blanks by assuming what the ALJ's mindset might have been. The magistrate judge sets forth that the ALJ documents the medical evidence and findings of Dr. Tomsic in his decision which constitutes substantial evidence for his conclusions; even though the ALJ did not formally explain this in decision. The magistrate judge does not substitute his opinion for the ALJ he simply finds the ALJ's lack of explanation is harmless error as he uses Dr. Tomsic's findings in giving less than controlling weight to the treating physician.

Plaintiff objects that the magistrate judge found that the ALJ's RFC determination was properly submitted to the vocational expert. The magistrate judge found that the ALJ's RFC finding was supported by substantial evidence and the ALJ considered the vocational expert's testimony, Moore's age, education, work experience and RFC when determining that she could make a successful adjustment to other work that exists in the national economy.

The court concludes that the magistrate judge correctly identified and discussed the points of error argued by plaintiff and analyzed those points correctly. The magistrate judge properly examined the entire record to determine that substantial evidence supports the administrative law judge's assessments and determinations and the Commissioner's denial of benefits.

Accordingly, all of the Plaintiffs objections are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation.

So **ORDERED** and **SIGNED** this **29** day of **September, 2016.**

_____
Ron Clark, United States District Judge